UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Teresa De Jesus Santoyo Rodriguez,<br><br>            Plaintiff(s),<br><br>vs.<br><br>Oumid Lina Akbar, *et al.*,<br><br>           Defendant(s). | 2:23-cv-01520-JAD-MDC<br><br>**Order** |

Pending before the Court is plaintiff Teresa De Jesus Santoyo Rodriguez's ("plaintiff") *Motion to Compel Production of Defendant's Cell Phone Records* ("Motion to Compel") (ECF No. 27). The Court grants the Motion to Compel.

**DISCUSSION**

**I.   BACKGROUND**

This is a negligence case arising from a motor vehicle collision that occurred on or around May 9, 2022. ECF No. 1-2 at 2-3. At issue is plaintiff's request for defendants The TJX Companies, Inc. and Oumid Lina Akbar's cellphone records. ECF Nos. 27, 28. Specifically plaintiff requested, and defendants opposed, the production of defendants' cellphone records from one hour before the collision to one hour after the collision. ECF No. 27 at 7-8.

The requested records are as follows:

> **REQUEST FOR PRODUCTION NO. 20**:
> Please produce a copy of the itemized cell phone bills, showing time of calls and text messages for the cell phone(s) you were in possession of from one hour prior to, until one hour after, the subject motor vehicle collision. You may redact phone the phone numbers for privacy.
>
> **REQUEST FOR PRODUCTION NO. 21**:
> For all cell phones in your possession at the time of the collision, produce a copy of the cell phone activity for one hour before through one hour after the collision, including all incoming and outgoing calls, and incoming and outgoing text messages. You may redact the phone numbers for privacy. In lieu of producing these records, please sign the authorization attached.

**REQUEST FOR PRODUCTION NO. 27:**
Produce all cell phone records for one hour before the collision through one hour after the collision for any cell phone THE TJX COMPANIES, INC. provided Defendant OUMID LINA AKBAR.

*See* ECF No. 27 at 7.

A meet-and-confer was conducted between Millie Mummery, counsel to plaintiff, and Brandon Verde, counsel to defendant on March 14, 2024. ECF No. 27 at 4. However, the conference was unsuccessful in resolving the discovery dispute. Before the Court is plaintiff's Motion to Compel (ECF No. 27).

## II.   LEGAL STANDARD

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Reflex Media Inc. v. Does*, 2022 U.S. Dist. LEXIS 243662, at *4, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citing *Garces v. Pickett*,

2021 U.S. Dist. LEXIS 49438, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021)) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id*. (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

### III.   ANALYSIS

Plaintiff seeks production of defendant Akbar's cell phone records "showing time of calls and text messages for the phone in her possession at the time of the collision." ECF No. 27 at 7 ("Request for Production No. 21"). Plaintiff also seeks production of cell phone records "of any work phone in possession of [defendant Akbar] from TJX Companies, Inc." ECF No. 27 at 7-8 ("Requestion for Production No. 27"). Plaintiff argues that (1) cell phone records are discoverable, and (2) cell phone records are relevant to whether defendant was negligent in a motor vehicle collision. ECF No. 27 at 10. In their Opposition (ECF No. 30), defendants argue that (1) the defendants have admitted liability as to duty and breach and (2) the requests are fishing expeditions. ECF No. 30 at 2-3. Defendants argue that the records sought are beyond the scope of Rule 26 and that plaintiffs have provided no factual basis to allege defendant Akbar was distracted by a phone. *Id.* The Court has reviewed the parties' arguments and finds that defendants' cell phone records are discoverable and orders defendants to produce the requested records.

#### a.   The Cellphone Records Are Discoverable

The parties' main arguments seem to revolve around the proportionality of the cell phone records. See ECF Nos. 27, 30. Defendants argue that the records are not relevant or proportional. *See*

*generally* ECF No. 30.  Defendants argue the cell phone records are not relevant because there is no evidence that defendant Akbar was actually using a cell phone at the time of the accident. ECF No. 30 at 3:18-20.  But that is precisely why the records requested by plaintiff are relevant – to determine whether defendant Akbar was using a cell phone.  The requests are also proportional as they are narrowly tailored.

The purpose of discovery is to promote the search for the truth. "Rule 26 defines relevant information as any information that appears reasonably calculated to lead to discovery." *Magdaluyo v. MGM Grand Hotel, LLC*, 2016 U.S. Dist. LEXIS 61759, at *8, 2016 WL 2731672, at *2 (D. Nev. May 9, 2016). "The Supreme Court states that Rule 26 affords liberal discovery." *Id*. (citing *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)). "Liberal discovery serves the integrity and fairness of the judicial process by promoting the search for the truth." *Id*. (citing *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)) (internal quotations omitted). Whether defendant Akbar was using her phone is relevant to plaintiff's claims that defendant Akbar was negligent in operating her vehicle. *See* ECF No. 1. Regardless of defendant Akbar's contention that she was not using her phone at the time of the accident, plaintiff is entitled to search for the truth, which involves comparing the timestamps of defendant Akbar's phone usage to the time of the collision.

Here, defendant argues that plaintiff is engaging in a fishing expedition and that there is no factual basis to allege that defendant Akbar was distracted by a phone. ECF No. 30 at 2-3. They argue that the mere fact defendant Akbar admitted to having a cellphone on her did not establish sufficient facts to allege that she was using her phone at the time of the accident. *Id.* at 3. Defendants argue that such an intrusive request requires that the plaintiff provide strong indicators of cellphone use at the time of the accident. *Id.* at 5:7-9 (citing *Jennings v. Smiley*, 224 N.E.3d 996, 997 (Ind. App. 2023)). These arguments are not persuasive but rather demonstrate that the discovery sought is relevant. The requested records are not overly broad because they are narrowly tailored in time, scope and plaintiff only seeks redacted information to ascertain whether defendant Akbar was using her phone while operating the

vehicle. ECF No. 34 at 3-4. "Phone records are discoverable if the request is narrowly tailored in date and time and relates to a key issue in the case." *Hinostroza v. Denny's Inc.*, 2018 U.S. Dist. LEXIS 109602, at *10 (D. Nev. June 29, 2018) (citing *Franklin v. United States*, 2013 U.S. Dist. LEXIS 67074, at *7-13 (E.D. Cal. May 9, 2013)) (compelling phone records from the defendant in a car accident case where the requests were sufficiently limited in time, but further limiting the subject matter).

      The alleged intrusion would be minimal considering plaintiff's willingness to redact names and numbers. ECF Nos. 27, 30. Plaintiff has stated they only seek to investigate the timing of the calls and texts and limits such requests to one hour before the accident to one hour after the accident. ECF No. 27 at 9. Further, the alleged intrusion would be minimal considering plaintiff's willingness to redact names and numbers. ECF Nos. 27, 30.  The Court notes that defendants have admitted to the duty and breach elements but denied the causation and damages. ECF No. 30 at 2:14-15. Plaintiffs have alleged that defendant Akbar has "provided contradicting use regarding the use of her company cellphone at the time of the subject collision." ECF No. 34 at 5:6-8.  Defendant Akbar has also landed the use of her cell phone directly in the bullseye of discovery.  Defendant Akbar first denied using her cellphone at the time of the collision but later stated she did not recall if she was using her cellphone at the time of the collision. ECF No. 34 at 6. As noted above, plaintiff is entitled to search for the truth. Therefore, the Court finds that plaintiff is entitled to the requested cellphone records.

## IV.    CONCLUSION

      Although defendants are correct in that the discovery rules do not allow for an overbroad request for all cellphone records, the Court finds that this is not the case here. Plaintiff has established that the information requested is relevant, requested only a limited amount of that information, and has provided sufficient methods to protect privacy. The Court further finds that defendants have not met their burden of establishing that the discovery request is "overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake." *Beckman Indus., Inc.*, 966 F.2d at 472–73.

ACCORDINGLY,

**IT IS ORDERED that**:

1. The Motion to Compel (ECF No. 27) is GRANTED.

2. Defendants must produce the requested discovery within 15-days of this Order.

DATED this 6th day of June 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge